**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **MATTHEW ROBERT YOUNG,** | **08-CV-1496-BR** |
|       **Plaintiff,** | |
| | **OPINION AND ORDER** |
| **v.** | |
| **INTEL CORPORATION and STEVE JOBS,** | |
|       **Defendants,** | |

**MATTHEW ROBERT YOUNG**
#6242666
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

      Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

IT IS ORDERED that the provisional *in forma pauperis* status given Plaintiff Matthew Robert Young is confirmed. For the reasons set forth below, however, the Court dismisses Plaintiff's Complaint without service of process on the ground that Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff brings this action *pro se.* Plaintiff alleges Defendant Intel Corporation has marketed and sold products that "belong to . . . plaintiff, without . . . plaintiff's knowledge." Plaintiff appears to bring claims for patent infringement, copyright infringement, and violation of (1) 42 U.S.C. §§ 1983, 1985, and 1986; (2) Oregon's Unfair Trade Practices Act, Oregon Revised Statutes §§ 646.605-646.652; and (3) Oregon's Trade Secrets Act, Oregon Revised Statutes §§ 646.461-646.475.

## STANDARDS

When a party is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines "the action . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

2 - OPINION AND ORDER

claim is proper only if the pleadings fail to allege enough facts so as to demonstrate a plausible entitlement to relief. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 164-65 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65. In making this determination, the court must accept all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Abagninin v. AMVAC Chem. Corp.* 545 F.3d 733, 737 (9th Cir. 2008). In actions involving plaintiffs proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Aguasin v. Mukasey*, No. 05-70521, 2008 WL 4750618, at *1 (9th Cir. Oct. 30, 2008)(citing *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002)).

Before the court dismisses a *pro se* complaint for failure to state a claim, the court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear the deficiencies of the complaint cannot be cured by amendment. *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

### I. Plaintiff's patent-infringement and copyright-infringement claims.

As noted, Plaintiff appears to bring claims against Defendants for patent infringement and copyright infringement.

A patent holder has the right to "exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States." 35 U.S.C. § 154(a)(1). A party infringes the patent if, "without authority," it "makes, uses, offers to sell, or sells any patented invention, within the United States." 35 U.S.C. § 271(a).

"[T]o succeed in a copyright infringement claim, 'a plaintiff must show that he or she owns the copyright and that defendant copied protected elements of the work.'" *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 636 (9th Cir. 2008)(quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)).

Plaintiff does not allege he owns a patent or a copyright on the device at issue but instead states only that his device is "patentable" and "copyrightable." Plaintiff, therefore, has not alleged a required element for patent and copyright infringement claims (*i.e.*, that he is the owner of a valid patent and/or copyright on the device at issue).

The Court, therefore, dismisses Plaintiff's patent-

4 - OPINION AND ORDER

infringement and copyright-infringement claims for failure to state a claim.

## II. Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986.

Plaintiff alleges in the title of his Motion that he brings claims against Defendants under §§ 1983, 1985, and 1986.

### A. Plaintiff's § 1983 claim.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 creates a private right of action against persons who, acting under color of law, violate federal constitutional or statutory rights. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a claim under § 1983, a plaintiff must establish (1) the defendant acted under color of law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000).

"The traditional definition of acting under color

5 - OPINION AND ORDER

> of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988)(quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Griffin v. Maryland*, 378 U.S. 130, 135 (1964). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 49-50 (citations omitted).
>
> The acts, therefore, must be performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *see also Monroe v. Pape*, 365 U.S. 167, 171 (1961), *overruled on other grounds by Monell*, 436 U.S. at 658 ("There can be no doubt . . . that Congress has the power to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.").

*Id*.

Here Plaintiff does not allege either Intel Corporation or Steve Jobs acted or purported to act in the performance of some official state duty or that either Defendant is a "state actor" within the meaning of § 1983. The Court, therefore, concludes Plaintiff has not stated a claim under § 1983.

Accordingly, the Court dismisses Plaintiff's claims against Defendants for violation of § 1983.

B.  **Plaintiff's §§ 1985 and 1986 claims.**

Although Plaintiff does not specify the subsection of § 1985 under which he intends to bring a claim, it appears from the text of his Complaint that he intends to bring a claim against Defendants for conspiracy under § 1985(3), which prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws."

A claim under § 1985(3) must be premised on racial or class-based animus that demonstrates an invidious discriminatory motivation. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002). In addition, the rights protected under § 1986 are those that are safeguarded by § 1985. Accordingly, a violation of § 1986 depends upon a predicate violation of § 1985. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1990) (citing *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983)). *See also Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984)(same).

Plaintiff does not allege any racial or class-based animus. The Court, therefore, concludes Plaintiff has not stated a claim for violation of either § 1985 or, by extension, § 1986.

Accordingly, the Court dismisses Plaintiff's claims against Defendants for violation of §§ 1985 and 1986.

**III. Plaintiff's state-law claims.**

Plaintiff alleges claims against Defendants for violation of

7 - OPINION AND ORDER

Oregon's Unfair Trade Practices Act and Trade Secrets Act.

28 U.S.C. § 1367(a) provides a district court with original jurisdiction over any civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Nonetheless, 28 U.S.C. § 1367(c)(3) provides the district court has discretion to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it had original jurisdiction.

District courts may decline to exercise jurisdiction over supplemental state-law claims in the interest of judicial economy, convenience, fairness, and comity. *Mendoza v. Zirkle Fruit Co.,* 301 F.3d 1163, 1174 (9th Cir. 2002)(citing *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 172-73 (1997)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Court has dismissed all of Plaintiff's claims over which the Court has original jurisdiction. This case is at an early stage in the proceedings, and Plaintiff's Complaint has not yet

been served on Defendants.  The Court, therefore, concludes the balance of factors in this matter presently favors declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

Accordingly, the Court dismisses Plaintiff's claims against Defendants for violation of Oregon's Unfair Trade Practices Act and Trade Secrets Act.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (#1) and **DISMISSES** Plaintiff's Complaint **without prejudice**.

Plaintiff may file an amended complaint to cure the deficiencies noted above no later than February 12, 2009.  The Court advises Plaintiff that failure to file an amended complaint by February 12, 2009, shall result in the dismissal of this proceeding with prejudice.

IT IS SO ORDERED.

DATED this 12th day of January, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge