IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MATTHEW ROBERT YOUNG, | Civil No. 08-1496-BR |
| Plaintiff, | |
| v. | ORDER |
| INTEL CORPORATION and STEVE JOBS, | |
| Defendants, | |

MATTHEW ROBERT YOUNG
#6242666
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

    Plaintiff, *Pro Se*

1 - ORDER

HAGGERTY, Chief Judge:

Plaintiff filed this action on December 29, 2008. The action was assigned randomly to The Honorable Anna J. Brown. On January 13, 2009, the court granted plaintiff's application to proceed *in forma pauperis*, but dismissed plaintiff's Complaint without prejudice and with leave to re-file upon curing deficiencies in the pleadings. *See* Opinion and Order of January 13, 2009 [5].

On January 14, 2009, plaintiff advanced a Motion to Recuse [6], arguing that the court had demonstrated a "malicious moral turpitude" toward plaintiff. Plaintiff also referenced another matter plaintiff has brought that is assigned to another Judge. The Motion to Recuse was referred to me.

The undersigned has performed an independent examination of the Record of this litigation. Under 28 U.S.C. § 455(a), a federal judge must be recused "in any proceeding in which his [or her] impartiality might reasonably be questioned." Such decisions are evaluated by asking whether "an objective, disinterested observer fully informed of the underlying facts . . . [could] entertain significant doubt that justice would be done absent recusal . . . ." *United States v. Lovaglia*, 954 F.2d 811, 815 (2nd Cir. 1992) (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428-29 (2nd Cir. 1988)). Recusal becomes proper where there exists "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

A reviewing court must consider whether a judge's alleged bias or prejudice stems from an extrajudicial source. *United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984). Without

2 - ORDER

evidence of a deep-seated antagonism that would have made fair judgment impossible, recusal motions should be denied. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff has provided no basis or factual allegations that support recusal. Plaintiff seeks the recusal of Judge Brown because of prior rulings and makes no showing of any "extrajudicial source" of alleged prejudice. Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

This court has reviewed the rulings issued by Judge Brown and finds no basis to suspect that she harbors any personal bias against plaintiff or that there is any objectively reasonable basis to question her impartiality. This court has conducted an independent examination of the matter and is confident that the management of this action by Judge Brown will be sufficiently sensitive and reasonable. There is no substantive appearance of judicial impropriety and no grounds presented that support the plaintiff's request for recusal.

**CONCLUSION**

Plaintiff's Motion to Recuse [6] is DENIED.

IT IS SO ORDERED.

DATED this 29 day of January, 2009.

ANCER L. HAGGERTY
United States District Judge